IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA        *
                                *
v.                              *     CR 103-018
                                *
GARRETT DELMAR JONES, JR.       *

O R D E R

Defendant Garrett Delmar Jones, Jr. seeks relief under the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A). The compassionate release provision of § 3582(c)(1)(A) provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. A defendant may move a federal district court for compassionate release, but only "after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." In this case, Jones has not alleged let alone provide evidence that he has exhausted his administrative remedies. The Court must therefore dismiss his motion.

Further, the Eleventh Circuit has held that a district court is bound to follow the applicable policy statement, U.S.S.G. § 1B1.13, promulgated by the United States Sentencing Commission.

United States v. Bryant, 996 F.3d 1243 (11th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)). Section 1B1.13 lists only three specific examples of extraordinary and compelling reasons to consider compassionate release: (1) a serious medical condition; (2) advanced age; and (3) family circumstances. U.S.S.G. § 1B1.13 n.1(A)-(C). Here, Jones does not contend that he meets any of these criteria. Rather, he asks the Court to consider his "rehabilitative measures." Congress, however, has specifically stated that rehabilitation of the defendant alone is not an extraordinary and compelling reason warranting relief. See 28 U.S.C. § 994(t). Accordingly, it does not appear that Jones would be entitled to compassionate release on this record even if he had exhausted administrative remedies.

Upon the foregoing, the Government's motion to dismiss Defendant Garrett Delmar Jones, Jr.'s motion for compassionate release (doc. 44) is **GRANTED** because Jones has failed to show that he exhausted his administrative remedies. Accordingly, the Clerk is directed to **TERMINATE** the motion for compassionate release (doc. 38).

**ORDER ENTERED** at Augusta, Georgia, this 15th day of July, 2021.

_____
UNITED STATES DISTRICT JUDGE